McGINN *v.* AMERICAN BANK STATIONERY COMPANY ET AL.

[No. 95, September Term, 1963.]

*Decided December 9, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Bernard J. Flynn* for the appellant.

*Charles W. Gilchrist,* with whom were *Francis D. Murnaghan, Jr.,* and *Venable, Baetjer & Howard* on the brief, for the appellees.

SYBERT, J., delivered the opinion of the Court.

The plaintiff below appeals from a decree granting a motion

for a summary judgment in favor of the defendants. The appellant had filed an equity suit against the appellees, American Bank Stationery Company and its president, J. Wilford Sheridan, to enforce an alleged contract to sell 100 shares of the corporation's treasury stock at $50.00 per share.

Appellant claims that a contract arose in the following manner. In June, 1960 the board of directors of the corporation passed a resolution authorizing the sale of stock "to such persons as may be selected by the President". At a subsequent meeting of all the salesmen of the corporation, including the appellant, a company official stated that treasury stock was being made available for sale to them, and that if they desired to purchase some, they should make a written request to the president. The salesmen were informed that if the requests exceeded the number of shares which the company intended to sell, then the stock would be prorated on the basis of the amount requested.

The appellant subsequently wrote the appellee Sheridan stating that he would like to buy 100 shares at $50.00 each. At a later conference with Sheridan, according to the appellant's own testimony, Sheridan did not indicate whether the corporation would sell "100 shares or any amount". Thereafter the appellant was told that 100 shares would not be made available to him, apparently because of the large number of subscriptions, but that he could buy a lesser amount if he so desired. He never requested fewer shares. Later the appellant asked Sheridan when he could expect to get the stock and was told that the corporation did not need money at that time but that the appellant would be informed when it did. No note or memorandum of the alleged contract was ever signed. Appellant never tendered payment in any amount because, to use his own words, "how could I, not knowing how much stock I was going to get or when?" The appellees' principal defense was that the evidence disclosed no contract.

We think the summary judgment was properly granted. The pleadings and the testimony of the appellant show that there was no genuine dispute as to any material fact and that the appellees were entitled to judgment as a matter of law. Maryland Rule 610. In order to create a valid contract there must be both

an offer and an acceptance. The appellant contends that the statement made at the meeting of the salesmen, that stock would be made available for sale to them, was an offer and his written request for 100 shares was an acceptance thereof. However, we agree with the Chancellor that the statements made at the meeting constituted only an invitation to submit offers, and that the appellant's response requesting 100 shares was merely an offer to buy, which was never accepted. There was never any meeting of minds as to the number of shares to be sold to the appellant. "A contract, to be final, must extend to all the terms which the parties intend to introduce, and material terms cannot be left for future settlement. Until actual completion of the bargain either party is at liberty to withdraw his consent and put an end to the negotiations." *Peoples Drug Stores v. Fenton,* 191 Md. 489, 494, 62 A. 2d 273 (1948). See also *Beck v. Bernstein,* 198 Md. 244, 248, 81 A. 2d 608 (1951); cf. *Strickler Eng. Corp. v. Seminar,* 210 Md. 93, 101, 122 A. 2d 563 (1956). No contract having arisen between the parties, the appellees' motion for summary judgment was properly granted.

Appellant also claims that it was error for the Chancellor to fail to consider Sheridan's testimony before granting the motion for a summary judgment. If this was error it was not prejudicial, because there was nothing in Sheridan's testimony to provide any support for the appellant's contention. The appellant's own testimony was sufficient in itself to establish that the appellees were entitled to judgment as a matter of law.

As a second defense, the appellees contend that the appellant's claim was barred by the Statute of Frauds provision of the Uniform Sales Act, Code (1957), Art. 83, Sec. 22. We do not reach this question in the present appeal.

*Decree affirmed; appellant to pay the costs.*